NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LARISSA BRISCO, | Civil Action No. 19-18018 (SRC) |
| Plaintiff, | |
| | OPINION |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Larissa Brisco ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability benefits, alleging disability beginning April 1, 2009. A hearing was held before ALJ David S. Pang (the "ALJ") on September 4, 2018, and the ALJ issued a partly favorable decision on September 28, 2018, finding that Plaintiff was disabled beginning January 17, 2018, but not before that date. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal. Plaintiff appeals the decision as to the period prior to January 17, 2018.

In the decision of September 28, 2018, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that Plaintiff is unable to perform any past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff was not disabled within the meaning of the Act prior to January 17, 2018.

On appeal, Plaintiff argues that the unfavorable part of the Commissioner's decision should be reversed and the case remanded on a number of grounds, but this Court need only reach the argument that succeed: at step five, the ALJ erred in formulating the hypothetical.

Plaintiff makes a simple, straightforward argument. At step three, the ALJ stated:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation before the established onset date. The claimant's combination of mental health symptoms, including irritability and low mood, would be expected to cause some limitations. Mentally, the claimant is able to make simple meals and perform household chores, and she maintains adequate self-care; more recently, she is limited in persisting at many tasks due to her increased shortness of breath.

(Tr. 17.) At step five, the ALJ presented the following primary hypothetical to the vocational expert ("VE"):

> Please consider the following hypothetical questions. First, you would consider an individual the same age, education, and work experience as the claimant. This individual would be able to perform light work as defined in our regulations. This individual would be able to occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl.

> The individual would occasionally be able to work with humidity and wetness; occasionally work with concentrated dust, orders, fumes, and pulmonary irritants; and occasionally work with extreme heat. The individual would be able to understand, remember, and carry out or able to perform simple, routine, repetitive tasks -- excuse me -- be able to respond appropriately to supervisors, coworkers, and the public occasionally.
>
> Based on this hypothetical question, would this individual be able to perform any of claimant's past work?

(Tr. 227.)   The VE responded in the negative, and then testified that there are other specific jobs that Plaintiff could perform.   (Tr. 227-28.)

Plaintiff argues that the hypothetical failed to adequately convey the moderate limitation in concentration, persistence, and pace found at step three, and is thus insufficient under Third Circuit law, citing the Ramirez and Hess decisions.   The Commissioner, in opposition, argues that Ramirez can be distinguished, and overlooks Hess – and thus, misses Plaintiff's point almost entirely.   This leaves Plaintiff's argument based on Hess substantially unopposed.

A case fundamental to Third Circuit law about the hypothetical at step five is Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987), which held:

> A hypothetical question must reflect all of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence.

The Third Circuit explained this principle more fully in Rutherford v. Barnhart, 399 F.3d 546, 553 (3rd Cir. 2005) (citations omitted), which states:

> [T]he directive in *Podedworny* is that the hypotheticals posed must "accurately portray" the claimant's impairments and that the expert must be given an opportunity to evaluate those impairments "as contained in the record." […] Fairly understood, such references to all impairments encompass only those that are medically established. And that in turn means that the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*.
>
> The Ramirez decision builds on Chrupcala.   In Ramirez v. Barnhart, 372 F.3d 546, 554

3

(3d Cir. 2004), the question was whether the limitation described in the hypothetical as "no more than simple one- or two-step tasks" adequately conveyed the claimant's limitations involving deficiencies in concentration, persistence, or pace, and the Third Circuit held that it did not:

> These limitations do not adequately convey all of Ramirez's limitations. The Commissioner contends that the limitation to one to two step tasks is sufficient, but we agree with the Magistrate Judge that a "a requirement that a job be limited to one to two step tasks, as was stated in the hypothetical relied upon by the ALJ, does not adequately encompass a finding that [Ramirez] 'often' has 'deficiencies in concentration, persistence, or pace,' as was noted by the ALJ both in her decision and on the PRTF attached to the decision."

Id.  Hess, decided in 2019, builds on Ramirez.  In Hess v. Comm'r Soc. Sec., 931 F.3d 198, 211 (3d Cir. 2019), the Court held that "as long as the ALJ offers a valid explanation, a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'"

In the instant case, the hypothetical contained a limitation to "simple, routine, repetitive tasks."  (Tr. 227.)   Plaintiff contends that this does not adequately convey the moderate limitation to concentration, persistence, and pace that the ALJ found at step three.   In opposition, the Commissioner makes an attempt to distinguish Ramirez that falls flat and short. The Commissioner begins by asserting that Ramirez held that "there may be a valid explanation for an omission from the ALJ's hypothetical."   (Def.'s Opp. Br. 16.)   This assertion is not totally wrong, but it fails to accurately capture the holding of Ramirez in a crucial way.   The Ramirez Court did not bless defective hypotheticals in situations in which there "may be" a valid explanation for what the ALJ did; it approved certain hypotheticals in situations in which the ALJ *gave* a valid explanation.   There is a world of difference between the two.   The Commissioner thus argues no more than that there *might be* a valid explanation for the use of

4

"simple, routine, repetitive tasks" to convey the moderate limitation to concentration, persistence, and pace. That is sufficient under neither Ramirez nor Hess.

The Commissioner also tries to distinguish Ramirez by arguing: "Unlike Ramirez, there is no evidence to suggest that Plaintiff's deficiency in pace would limit her ability to perform unskilled work." (Def.'s Opp. Br. 16.) This argument misses the mark, for two reasons. Crucially, it fails to comprehend Ramirez, which was not limited to the assessment of pace; Ramirez and Hess focus on the capacities for concentration, persistence, and pace. The decision contains abundant evidence that Plaintiff's deficiencies in concentration, persistence, and pace impact her ability to work. The ALJ wrote that Plaintiff was "limited in persisting at many tasks." (Tr. 17.) The ALJ also reported that consultative examiner Dr. Mendoza stated that Plaintiff had "moderate to severe impairments in sustained concentration."

Second, and also crucially, evidentiary support has no relevance to Plaintiff's argument about the hypothetical at step five. The ALJ found a moderate limitation to concentration, persistence, and pace at step three. There is no dispute over the evidentiary basis for that determination. (Tr. 20.) The limitation is a credibly established limitation because the ALJ said so. The hypothetical at step five fails to accurately convey it.

This Court agrees with Plaintiff that, in the hypothetical at step five, the use of "simple, routine, repetitive tasks" to convey the moderate limitation to concentration, persistence, and pace is insufficient under Ramirez and Hess. The Commissioner does not contend that the ALJ offered a valid explanation for the formulation of the hypothetical, as Third Circuit law requires.

For these reasons, this Court finds that the Commissioner's decision that Plaintiff was not disabled prior to January 17, 2018 is not supported by substantial evidence. The

5

Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 16, 2020

6